Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
Lorena Garcia-Bautista, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>FRESH VENTURE FOODS, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex (female) and to provide appropriate relief to three Charging Parties, Charging Party 1, Charging Party 2, and Charging Party 3, (hereinafter the "Charging Parties"), and a class of similarly aggrieved individuals (collectively, the "Claimants") who were adversely affected by such practices. As set forth with greater particularity below, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant

Fresh Venture Foods, LLC ("Defendant") unlawfully subjected the Charging Parties and a class of similarly aggrieved individuals to sexual harassment, including a hostile work environment based on their sex (female), constructive discharge, and/or retaliation for opposing unlawful employment practices in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

4. Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Fresh Venture Foods, LLC has continuously been a limited liability company doing business in the State of California and the County of Santa Barbara.

6. At all relevant times, Defendant has continuously been a limited liability company doing business in the State of California and has continuously had at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8. In each calendar year from 2016 through the present, Defendant has continuously employed at least 201 employees.

9. All of the acts and failures to act alleged herein were duly performed by and

attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

10. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known.  Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## ADMINISTRATIVE PROCEDURES

11. More than thirty days prior to the institution of this lawsuit, Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII by Defendant.

12. Defendant received a copy of each charges filed by the Charging Parties and participated in the Commission's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents.

13. On or about February 12, 2021, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Defendant has violated Title VII as to the Charging Parties and a class of similarly situated individuals.  The Commission further invited Defendant to join with it in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

14. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of

Determination.

15. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

16. On or about August 17, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

18. Since at least 2016, Defendant has engaged in unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a) by subjecting the Charging Parties and a class of similarly aggrieved individuals to sexual harassment, retaliation, and/or constructive discharge.  The unlawful employment practices include but are not limited to those practices identified herein.

19. Since at least 2016, Defendant has employed both temporary employees placed by placement staffing agencies, as well as their own direct employees.

20. Defendant exercised control over such temporary employees placed by placement staffing agencies, including but not limited to, directly supervising their day-to-day work, responding to complaints, and subjecting them to discipline.

21. Defendant had control over its worksite to investigate and correct the conduct that occurred at its worksite, including conduct of employees placed there by placement staffing agencies, whether it exercised that control or not

22. The Charging Parties and the Claimants include both employees directly hired by Defendant and those employees placed by placement staffing agencies at Defendant's Santa Maria's facility.

23. Charging Party 1, female, was employed by Defendant from about March 2016 to December 2017, as a production worker

24. During her employment with Defendant, Charging Party 1 was harassed by multiple harassers, including but not limited to, one of Defendant's Production Trainers, who would follow Charging Party 1 around the facility and make daily comments about her

appearance and asking her out on dates, despite Charging Party 1's objection and complaints to management. After her complaint, the harassment escalated. Charging Party 1 was also harassed by one of Defendant's Mechanics, would pass Charging Party 1 from behind and rub his penis on her buttocks, grab her buttocks, and tell her that he wanted to have sex with her, despite her objections, and his threats to have her fired if she reported him to management. Charging Party 1 was also harassed by one of Defendant's Machine Operators who frequently made comments about her appearance and made unwelcome sexual advances towards her, and frequently grabbed her hips and touched her legs when he walked by her.

25. The harassment Charging Party 1 was subjected to was unwelcome and made her uncomfortable.

26. The harassment Charging Party 1 was subjected to was severe and/or pervasive.

27. Despite Charging Party 1's complaints of sexual harassment, Defendant failed to take any corrective action or preventative measures to stop the harassment.

28. In retaliation for complaining about the harassment, the harassers' escalated their conduct towards Charging Party 1.

29. Charging Party 2, female, was employed by Defendant from about 2016 to December 2017, as a vegetable processor.

30. During her employment with Defendant, Charging Party 2 was harassed by multiple harassers, including but not limited to, the same Production Trainer who harassed Charging Party 1, who would constantly ask Charging Party 2 personal questions about her marital status and whether she wanted to go to a hotel with him to have sex, and asked her out on dates, despite Charging Party 2's rejections and objections to his conduct.

31. Charging Party 2 complained about the Production Trainer's conduct to Defendant's management, but the Production Trainer's sexual harassment continued.

32. The harassment Charging Party 2 was subjected to was unwelcome and made her uncomfortable.

33. The harassment Charging Party 2 was subjected to was severe and/or pervasive.

34. Despite Charging Party 2's complaints of sexual harassment, Defendant failed to take any corrective action or preventative measures to stop the harassment.

35. Charging Party 3, female, was employed by Defendant from about July 2014 to about March 2018, as an agricultural processor.

36. During her employment with Defendant, Charging Party 3 was harassed by multiple harassers, including but not limited to, a co-worker who was placed to work with Defendant by a placement staffing agency, who made unwelcome sexual advances towards Charging Party 3 on a near daily basis as well as by attempting to grab her and also brushing his body and hands on her buttocks, despite her rejections and objection to his conduct.

37. In or around August 2017, Charging Party 3 complained about the sexual harassment to Defendant's management.

38. Despite this complaint, the harassment continued, and Charging Party 3 filed a second complaint in or around December 2017.

39. The harassment Charging Party 3 was subjected to was unwelcome and made her uncomfortable.

40. The harassment Charging Party 3 was subjected to was severe and/or pervasive.

41. Despite Charging Party 3's complaints of sexual harassment, Defendant failed to take any corrective action or preventative measures to stop the harassment

42. Due to the continuing harassment, Charging Party 3 resigned in or about March 2018.

43. In addition to the Charging Parties, Defendant has subjected a class of similarly aggrieved female employees to sexual harassment, retaliation, and/or constructive discharge.

44. Since at least 2016, at least 18 male employees of Fresh Venture including its Foremen, Trainers, Mechanics, and/or Machine Operators and male employees of placement staffing agencies (hereinafter "harassers"), subjected the Charging Parties and the Claimants to severe and/or pervasive sexual harassment, which included but was not limited to, frequent groping of genital area/brushing/touching/rubbing of their bodies, including grabbing/slapping/touching their buttocks, touching their hips, grabbing their breasts, touching

their waist, grabbing their hands, touching their legs, and/or hugging them and touching their bodies without their consent on a frequent basis; frequent sexual comments, including but not limited to, asking them "When are we going to go out so that I can warm up your shell [referring to her vagina]," "Women of your age get hot down there. When you need someone to cool you down, let me know", "I came to see that ass", "I am a man and I will do things that you will like, if you know what I mean," "I like you, and if only you knew what I could do to you if we were ever alone," "do you want to go out to dinner?", and/or "do you want to spend a night with me"); repeatedly asking them personal questions about their marital status, frequently commenting about their physical appearance and/or physical bodies, propositioning them for sex, repeatedly asking them whether they wanted to go to a hotel room and have sex, repeatedly asking for their personal phone numbers, and repeatedly asking them out on dates.

45. The harassers' conduct was unwelcomed by the Charging Parties and the Claimants throughout their employment with Defendant.

46. The harassers' conduct towards the Charging Parties and the Claimants was severe and/or pervasive.

47. In response to the harassers' unwelcome behavior, the Charging Parties and the Claimants objected by telling the harassers to stop, moving away from them, and/or complaining about them to Defendant.

48. Notwithstanding the Charging Parties' and the Claimants' objections and protests, however, the sexual harassment by the harassers continued throughout their employment with Defendant.

49. Notwithstanding the numerous complaints received, Defendant failed to take sufficient reasonable care to prevent and promptly correct the harassers' unlawful behavior by failing to properly investigate some of the complaints, failing to interview third-party witnesses, and/or failing to take any disciplinary action against the harassers.

50. As a result, the Charging Parties and the Claimants were subjected to ongoing sexual harassment, retaliation, and/or constructive discharge thereafter.

51. Defendant's management discouraged the female employees from complaining during workplace meetings.

52. Defendant did not have effective anti-harassment policies and/or procedures in place.

53. Defendant knew about the sexual harassment of temporary employees placed by placement staffing agencies and failed to take appropriate corrective action.

54. The effect of the practices complained of above has been to deprive the Charging Parties and the Claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

55. The effect of the practices complained of above has been to deprive the Charging Parties and the Claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their engagement in protected activities in opposition to unlawful employment practices.

56. The unlawful employment practices complained of above were intentional and caused the Charging Parties and the Claimants to suffer emotional distress.

57. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and the Claimants.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices in violation of Sections 703(a) and 704(a) of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful practices in violation of Sections 703(a) and 704(a) of Title VII.

C. Order Defendant to make the Charging Parties and the Claimants whole by providing compensation for past and future pecuniary losses, including, but not limited to,

appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial.

     D.    Order Defendant to make the Charging Parties and the Claimants whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

     E.    Order Defendant to pay the Charging Parties and the Claimants punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

     F.    Grant such further relief as the Court deems necessary and proper in the public interest.

     G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 27, 2021

Respectfully Submitted

GWENDOLYN YOUNG REAMS,
Acting General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION