Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Lorena Garcia-Bautista, SBN 234091
lorena.garcia@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Phone: (213) 785-3008
Fax: (213) 894-1301

Attorneys for Plaintiff

Rafael Gonzalez, SBN 210202
rgonzalez@mullenlaw.com
Brian Thomas Daly, SBN 298731
bdaly@mullenlaw.com
MULLEN & HENZELL LLP
112 East Victoria Street
P.O. Drawer 789
Santa Barbara, CA 93102-0789
Phone: (805) 966-1501
Fax: (805) 966-9204

Attorneys for Defendant
Fresh Venture Foods, LLC

*[Additional counsel listed on next page.]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>ANONYMOUS PLAINTIFFS 1–4, Plaintiff-Intervenors,<br><br>vs.<br><br>FRESH VENTURE FOODS, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 2:21-cv-07679-CBM-DFMx<br><br>**CONSENT DECREE**<br><br>Hon. Consuelo B. Marshall<br>U.S. District Judge |

1

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
tkennedy@sheppardmullin.com
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3640 Telephone:    213.620.1780
Facsimile:    213.620.1398

Attorneys for Defendant Gold Coast Packing, Inc.

Krista M. Cabrera, SBN 190595
KCabrera@foley.com
Sara Alexis Levine Abarbanel, SBN 324045
sabarbanel@foley.com
FOLEY & LARDNER LLP
11988 El Camino Real, Suite 400
San Diego, CA 92130-2594
Phone:  858.847.6700
Fax:  858.792.6773

Attorneys for Defendant  Babé Farms, Inc.

2

## I.      INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendants Fresh Venture Foods, LLC, Gold Coast Packing, Inc. and Babé Farms, Inc. (collectively, "Defendants") hereby stipulate and agree to entry of this Consent Decree to resolve the claims asserted in the Commission's First Amended Complaint ("FAC"), filed on May 3, 2023 under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The EEOC alleges Defendant Fresh Venture Foods, LLC engaged in unlawful employment practices by subjecting Charging Parties and other similarly situated individuals (collectively, "Claimants") to a sexually hostile work environment and/or retaliation in violation of §§703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a), 2000e-3(a), and that Defendants Gold Coast Packing, Inc. and Babé Farms, Inc. are liable as joint employers and/or alter egos of Defendant Fresh Venture Foods, LLC. Defendants deny the EEOC's allegations.

## II.      PURPOSES AND SCOPE OF THE CONSENT DECREE

In the interest of resolving this matter, the Commission and Defendants (hereinafter "the Parties") have agreed that this action should be finally settled by entry of this Consent Decree ("Decree").  This Decree shall be binding on and enforceable against the EEOC and Defendants and its officers, directors, agents, successors, and assigns.  The scope of this Decree is companywide for all Defendants except as noted herein. The Parties have entered into this Decree for the following purposes:

A.    To provide appropriate monetary and injunctive relief;

B.    To ensure that Defendants' employment practices comply with Title VII;

C.    To ensure a work environment free from discrimination, harassment, and/or retaliation;

D.    To ensure training for Defendants' managers, supervisors, leads,

human resource and other employees with respect to their obligations and rights under Title VII;

F.    To provide an appropriate and effective mechanism for receiving and handling discrimination, harassment, and/or retaliation complaints in the workplace; and

G.    To avoid the time, expense, and uncertainty of further litigation.

**III.    RELEASE OF CLAIMS**

A.    The Parties agree that this Decree completely and finally resolves all allegations, issues, charges, and claims raised in the course of litigation of the EEOC's First Amended Complaint, filed in this action in the United States District Court, Central District of California on March 3, 2023, captioned *U.S. Equal Employment Opportunity Commission v. Fresh Venture Foods, LLC, et al.*; Case No. 2:21-cv-07679-CBM-DFMx (hereafter "Action").

B.    In entering into this Consent Decree, Defendants deny that they or anyone acting on their behalf engaged in any wrongful or unlawful conduct. This Decree and compliance with this Decree shall not be construed as an admission of any liability or wrongdoing by Defendants (except as required to enforce compliance with this Decree).

B.    Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendants fail to comply with the terms this Decree.

C.    Nothing in this Decree shall be construed to limit or reduce Defendants' obligations to comply fully with Title VII or any other federal employment statute.

D.    This Decree shall resolve, conclude and terminate all issues and claims asserted by the EEOC and the Claimants identified by the EEOC, including charge no. 480-2024-03092. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may exist or may

later arise against Defendants other than the charges giving rise to this Action. This Decree does not resolve the Plaintiff-Intervenors' pending claims asserted against Defendants in their Second Amended Complaint.

## IV.    JURISDICTION

A.    The Court has jurisdiction over the Parties and the subject matter of this Action.  The First Amended Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.    The terms and provisions of this Decree are fair, reasonable, and adequate.

C.    This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

D.    Entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

E.    The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

## V.    EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained herein are effective immediately on the date which this Decree is entered by the Court ("Effective Date").

B.    Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date, provided that Defendants substantially comply with the terms of this Decree.

## VI.    COMPLIANCE AND DISPUTE RESOLUTION

A.    The EEOC may review Defendants' compliance with any provision of this Decree.  The EEOC may request copies of documents created or received by the Monitor or the Claims Administrator as a result of their duties.  The EEOC may request copies of such documents from Defendants if otherwise unable to

confirm Defendants' compliance.  Defendants will comply with any such request to review within thirty (30) calendar days of the EEOC's request.

B.     If the Commission has reason to believe that Defendants have failed to comply with any provision of this Decree, the Commission may bring a motion before this Court to enforce the Decree.  Before filing such a motion, however, the Commission shall notify Defendants in writing of the nature of the dispute.  This notice shall specify the particular provision(s) with which the Commission believes Defendants have failed to comply.  Except in the case of failure to make a monetary payment pursuant to the terms of this Decree (see below), Defendants shall have thirty (30) calendar days from the date of notice ("Dispute Resolution Period") to attempt to come into compliance.  After thirty (30) days have passed, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief the court deems appropriate.

C.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute raised by the EEOC.

D.     Notwithstanding the above, if the noncompliance at issue is a failure to make a monetary payment pursuant to the terms of this Decree, the Commission may immediately initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree and/or any other relief the Court deems appropriate.

## VII.   MONETARY RELIEF AND CLAIMS ADMINISTRATION

### A.     Establishing a Settlement Fund and General Provisions

1.     In settlement of this lawsuit, Defendants shall pay a total fund of $ 900,000 ("Settlement Fund") in monetary relief available to Claimants.  The Settlement Fund shall be fully funded within six (6) months of the Effective Date as follows: no less than one-half of the Settlement Fund ($450,000) to be funded

within thirty (30) calendar days of the Effective Date; and the remainder to be funded by no later than six (6) months of the Effective Date.

2.      Defendants shall issue payments described above to the Claims Administrator, who shall deposit the funds into an interest-bearing account. Defendants shall notify the EEOC and the Claims Administrator in writing when they issue the payments. Defendants shall notify the EEOC within three (3) days if there is any delay in the execution of payments. The Claims Administrator will notify the EEOC and Defendants in writing when the payments are deposited into the interest-bearing account established for the Settlement Fund.

3.      The Settlement Fund will be distributed to the Claimants in accordance with the terms of this Decree.

4.      The EEOC has full and complete discretion under the terms of this Decree to determine who is a Claimant meeting the requirements of eligibility for payment and the amount and characterization of such payments as income, wages, or otherwise, as hereinafter described in this Decree.

**B.      Claims Administrator**

**1.      Claims Administrator Selection and Approval**

Within thirty (30) calendar days of the Effective Date, Defendants will hire and appoint a specific professional individual or organization ("Claims Administrator"), approved by the EEOC, to oversee the claims process and payments to Claimants as directed by the EEOC.  If the Claims Administrator initially appointed by Defendants thereafter declines to serve or to carry out its duties under this Decree, Defendants will have fifteen (15) calendar days to notify the EEOC in writing of the need for a replacement Claims Administrator and will provide the EEOC with the name of a new Claims Administrator for approval by the EEOC.  If the EEOC objects to the appointment of the new Claims Administrator identified by Defendants, the Parties will meet and confer until they

7

reach mutual agreement on a replacement Claims Administrator.

### 2.    **Responsibility for Claims Administrator's Fees and Costs**

All costs associated with the selection and retention of the Claims Administrator, as well as the performance of the Claims Administrator's duties under this Decree, shall be Defendants' responsibility. The Claims Administrator shall not be paid out of the Settlement Fund.

### 3.    **Claims Administrator's Duties and Responsibilities**

The Claims Administrator will work with the EEOC and Defendants to carry out the terms of the Decree.  The Claims Administrator will be responsible for: (a) establishing, within fifteen (15) calendar days of being appointed, an interest-bearing account to hold in trust the Settlement Fund and notifying the EEOC and Defendants when the account is established and ready for deposit of the Settlement Fund; (b) receiving and holding the Settlement Fund in trust, until distribution;(c) sending notices and the Release of Claims to Claimants; (d) obtaining updated addresses, email addresses and/or phone numbers for Claimants;   (e) receiving, holding, and providing to Defendant Fresh Venture Foods, LLC copies of signed Release of Claims forms from Claimants; (f) issuing payments to Claimants that have returned a signed Release of Claims in accordance with the Distribution Lists provided by the EEOC;  (f) filing IRS Forms with respect to the Settlement Fund; (g) communicating as necessary with the EEOC and Defendants; (h) reissuing checks where required in consultation with the EEOC; (i) final redistribution of excess funds to Claimants including any interest, if any.

### 4.    **Claims Process and Distribution of Settlement Fund**

#### a)    **List of Claimants**

The EEOC will provide the Claims Administrator with a list of Claimants, including: (a) full name; (b) last known address(es); (c) date of birth; (d)  social security number; (e) last known telephone number(s) and email address(es).

The EEOC will also provide the Claims Administrator with a Notice of Settlement and Release of Claims to send to all Claimants, consistent with Exhibits A and B.

### c)    Mailing Notice of Settlement

Within ten (10) days of receipt of the List of Claimants and Notice of Settlement from the EEOC,  the Claims Administrator will provide Claimants the Notice of Settlement and Release of Claims via USPS mail, email and/or text message.

### d)    Return Mail Handling

For each mailing to a Claimant that is returned as undeliverable, the Claims Administrator will, within ten (10) calendar days:  (1) notify the EEOC that the Notice of Settlement was returned as undeliverable; (2) research the Claimant's most recent address, using best efforts and a database search to locate the Claimant; and (3) resend the Notice of Settlement to the new or different address, email address or phone number if new or different information is obtained.  The Claims Administrator will make no more than two (2) attempts to locate a Claimant whose mailing is returned as undeliverable.

Within five (5) calendar days of receiving a signed Release of Claims from any Claimant, the Claims Administrator shall provide a copy of the signed Release of Claims to Defendant Fresh Venture Foods, LLC.

### e)    Claim Evaluation

The EEOC has sole discretion in determining the criteria, eligibility, and monetary relief amounts for each Claimant based on whether the individual: (i) was employed by Defendant Fresh Venture Foods, LLC from 2016 to the present; (ii)  could assert a claim for sexual harassment and/or related retaliation or constructive discharge by Defendant Fresh Venture Foods, LLC per the EEOC's assessment; and (iii) experienced a harm.

The EEOC shall provide the Claims Administrator one or more lists of

Claimants including their names, current addresses, the amount to be paid to each, the classification of such amounts to be paid, and any additional relevant identifying information ("Distribution Lists"). The EEOC, based upon the claims process, may submit subsequent Distribution Lists. Upon receipt of a signed Release of Claims from any Claimant on a Distribution List, the Claims Administrator shall issue a check or make a payment in the amount specified by the EEOC on the applicable Distribution List for that Claimant.

### f)      Subsequent Distribution List(s)

The EEOC may provide the Claims Administrator one or more subsequent Distribution Lists, detailing the remaining Claimants and the Claim Share Amount awarded to each. The Claims Administrator will provide the EEOC an accounting of the monies remaining from the Settlement Fund on a periodic basis to be worked out with the EEOC. Defendants have no standing to challenge the EEOC's distribution determinations, which are entirely in the discretion of the EEOC.

The EEOC will provide a Final Distribution List to the Claims Administrator. The Claims Administrator will notify Defendant Fresh Venture Foods, LLC of receipt of the Final Distribution List and will, upon request, provide Fresh Venture Foods, LLC with copies of any Distribution List or Final Distribution List provided to the Claims Administrator by the EEOC.

### g)      Returned and/or Uncashed Checks

On a monthly basis throughout the duration of this Decree, the Claims Administrator shall provide the EEOC with a copy of each cancelled check electronically, and identify any check not negotiated and/or returned non-negotiated. The Claims Administrator will also notify the Parties on a quarterly basis of the remaining amount of Settlement Funds.

For any checks that are returned as undeliverable, the Claims Administrator will attempt to find an updated address and provide the EEOC with the name, last

known address, date of birth, and social security number of the Claimant.  If an updated address can be found, the check will be re-mailed via USPS Priority Mail.  If a Claimant fails to present a check after ninety (90) calendar days of it being issued, the Claims Administrator will provide the EEOC with the name, last known address, and date of birth of the Claimant, and the EEOC may make additional efforts to locate the Claimant.

**h)      Undistributed Excess Funds**

If any of the Settlement Fund remains undistributed after exhausting the efforts to locate the Claimants as set forth above, the excess funds will be redistributed to Claimants at the EEOC's sole discretion.  The EEOC will provide to the Claims Administrator a final distribution list of the Claimants to whom excess funds were redistributed.  In the event there is remainder of the Settlement Fund, the Defendant Fresh Venture Foods, LLC can utilize the excess funds towards additional injunctive relief remedies above and beyond what is outlined in this Consent Decree.  The EEOC will notify the Defendant of the amount of any excess funds.

**i)      Tax Reporting Forms**

The EEOC has the sole discretion to characterize the monetary relief amount to each Claimant as non-wage compensation.  The Claims Administrator will issue a Form 1099 to each Claimant.  No tax withholdings shall be made. Defendant Fresh Venture Foods, LLC shall make all appropriate reports to the Internal Revenue Service and other tax authorities.  Claimants will agree in the signed Release of Claims form (see Exhibit B) to will pay all applicable taxes, if any, arising out of their receipt of the monetary relief described above, and that Defendants will not be liable for any such taxes, nor for any assessments, penalties, interest, or other amounts arising out of any failure on any Claimants' part to pay those taxes.

/ / /

11

**j)    Notice of Checks Issued**

Within five (5) calendar days after mailing any payment to Claimants the Claims Administrator will submit a register or copy of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012, and to counsel of record for Defendants.

Defendants will cooperate with the Commission in good faith, consistent with Defendants' obligation to fully comply with the spirit and letter of the terms of this Decree, to ensure payments are made in full to all Claimants in accordance with this Section.

**VIII.  CLAIMANT SPECIFIC INJUNCTIVE RELIEF**

Within thirty (30) calendar days of the Effective Date of this Decree, Defendant Fresh Venture Foods, LLC shall:

A.    remove from the personnel files of each Claimant any references to the Claimant's allegations of discrimination, harassment, or retaliation or other documents or information determined by the EEOC to be related to such allegations.  Defendant Fresh Venture Foods LLC must retain a record of any information removed from an Claimant's personnel file pursuant to this subsection separately from Claimants' personnel files consistent with the recordkeeping provisions contained herein or otherwise required by law;

B.    maintain records of the charges of discrimination and/or any Claimant's involvement in the Action separately from Claimants' personnel files;

C.    be enjoined from providing negative references about Claimants and must authorize only a Human Resources representative to provide a neutral employment reference, which is limited to verifying whether the Claimant was employed by Defendant Fresh Venture Foods, LLC, the last position in which the Claimant was employed, and the duration of the Claimant's employment with Defendant Fresh Venture Foods, LLC;

12

D.      take measures that any Claimant who is reinstated and/or continues to work for Defendant Fresh Venture Foods, LLC does not suffer discrimination, harassment, and/or retaliation;

E.      reclassify the terminations of any Claimant to voluntary resignations if they have been identified by the EEOC as being subject to retaliation (based on a list provided by the EEOC); and

F.      ensure that the Claimants, including former employees of Fresh Venture Foods, LLC, are not prohibited from re-employment with Defendant Fresh Venture Foods, LLC.

## IX.    GENERAL INJUNCTIVE RELIEF

### A.    Non-Discrimination and Non-Retaliation

#### 1.    Non-Discrimination

Defendants, their directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in employment practices in violation of Title VII. Such employment practices include:

(a)   discriminating against persons in violation of Title VII, including by engaging in or failing to remedy or correct harassment;

(b)   engaging in or becoming a party to any action, policy or practice that discriminates against any person in violation of Title VII, including by engaging in or failing to remedy or correct harassment; or

(c)   creating, facilitating, or permitting a hostile work environment in violation of Title VII, including on the basis of sex.

#### 2.    Non-Retaliation

Defendants, their directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from

engaging in, implementing, or permitting any action, policy or practice that retaliates against any current or former employee or applicant because he or she has:

(a) opposed any practice that he or she believed to be discriminatory, harassing, or retaliatory;

(b) filed a charge with the EEOC alleging such a practice;

(c) testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendants) in connection with this case and/or relating to any claim of a Title VII violation;

(d) been identified as a possible witness or claimant in this Action or in any other legal action alleging a Title VII violation;

(e) asserted any rights under this Decree; or

(f) sought and/or received any relief in accordance with this Decree.

**B.    Posting**

Within ten (10) calendar days after the Effective Date and throughout the term of this Decree, Defendants shall post the notice (attached as "Exhibit A") of the terms of this Decree in clearly visible locations frequented by employees in English, Spanish, and any other language commonly spoken by its workforce. The postings shall remain posted for the duration of this Decree.

**C.    Equal Employment Opportunity Monitor**

Within thirty (30) calendar days after the Effective Date, Defendants shall retain an external Equal Employment Opportunity Monitor ("Monitor") of the EEOC's and Defendants' choosing to monitor Defendants' compliance with Title VII and this Decree. In the event the EEOC and Defendants cannot agree on a mutually acceptable Monitor, the Defendants will submit three proposed Monitors for the EEOC to consider for approval. If the EEOC is not satisfied with the selection, then the EEOC will provide three names for Defendants to consider. The Monitor shall have demonstrated experience in the area of employment

discrimination and sex harassment issues and be accessible to Defendants in Santa Maria. Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties. EEOC will ultimately approve of any Monitor selection but the parties will work together in good faith. However, in the event of a dispute, the parties will invoke the dispute resolution provision of this Decree.

For the term of the Decree, the Monitor's responsibilities shall include:

1.    Reviewing and approving any revisions to Defendants' policies and procedures, including their complaint procedures, relating to discrimination, harassment, and retaliation, to ensure they fully comply with Title VII and all requirements set forth in this Decree;

2.    Ensuring that all Defendants' employees, including management, supervisory, and human resources employees, are trained regarding their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of discrimination, harassment, and retaliation;

3.    Ensuring that all Defendants' employees, including management, supervisory, and human resources employees, are trained on any revised policies and procedures relating to discrimination, harassment, and retaliation;

4.    Ensuring that all Fresh Venture Foods, LLC human resources employees have the skill level to effectuate the requirements of Title VII and of this Decree;

5.    Ensuring that Defendant Fresh Venture Foods, LLC human resources employees effectively conduct investigations of all complaints of discrimination, harassment, or retaliation to ensure compliance with Title VII and this Decree;

6.    Ensuring that Defendant Fresh Venture Foods, LLC properly

15

communicates with complainants as required by this Decree;

7.    Ensuring that Defendant Fresh Venture Foods, LLC properly documents and creates a centralized system of tracking discrimination, harassment, and retaliation complaints, as required by this Decree;

8.    Ensuring that Defendant Fresh Venture Foods, LLC's performance and discipline policies hold employees and managers, including human resource personnel, accountable for failing to take appropriate action regarding complaints of discrimination, harassment, or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

9.    Reviewing prior complaints of sexual harassment and/or retaliation made in the previous 300 days by employees of Fresh Venture Foods, LLC to ensure all complaints were properly addressed, in scope and thoroughness, and in full compliance with the requirements of Title VII and this Decree.

10.    Conducting audits, as set forth below, to ensure that Defendant Fresh Venture Foods, LLC's employees, managers, supervisors, and leads are held accountable and to reinforce Defendant's zero tolerance policy with respect to discrimination, harassment and/or retaliation;

11.    Preparing a semi-annual report on Defendants' compliance with Title VII and this Decree for the EEOC's review;

12.    Ensuring that Defendants accurately compile and timely submit all reports by required this Decree;

13.    Monitoring Claimants and/or witnesses who participated in this lawsuit and who continue to be employed by Defendant Fresh Venture Foods, LLC to ensure that they have not been subjected to any retaliation, discrimination, or harassment.  The Monitor shall contact these individuals at least every three (3) months;

14.    Ensuring that Defendants' Human Resources has an open-door

16

policy and is easily accessible to the employees; and

15.     Further ensuring Defendants' full compliance with the terms of this Decree.

### D.     EEO Compliance Audits

The Monitor shall conduct unannounced audits at Defendant Fresh Venture Foods, LLC's sites to ensure that leads, supervisors, and managers are held accountable and to encourage employees to report problems of discrimination, harassment, or retaliation at least annually.  The Monitor may train an employee of Defendant Fresh Venture Foods, LLC on how to conduct the audits provided that employee has the requisite basic training and background as determined by the Monitor.

The Monitor shall speak with a percentage of employees it deems appropriate to ensure compliance with anti-discrimination, anti-harassment, and anti-retaliation policies and procedures.  To seek employee input, the audits will be conducted outside the presence of management, supervisors, and leads, without any onsite lead or supervisors' advance knowledge of the audit.  Defendants' managers, supervisors, and/or leads will not interfere with the audits or discourage the employees from participating in the audits before, during, or after they are conducted. The Monitor will instruct Defendant Fresh Venture Foods, LLC to investigate and take prompt and effective remedial action toward any conduct identified during an audit that constitutes discrimination, harassment, and/or retaliation.

The Monitor shall also use the audits to identify repeat offenders and shall follow up with interviews of former and reassigned employees to better understand the dynamics in the departments where the repeat offenders work.

The Monitor will provide a full report of the results of each audit and the anonymized employee feedback it received to Defendants.  The results of the audit shall be evaluated by the Monitor and submitted to the EEOC in the annual

17

report as set forth below.

**E.    Policies Concerning Discrimination, Harassment and Retaliation**

1.    Within thirty (30) calendar days after the Effective Date, Defendants shall review and, if necessary, revise their policies and procedures on discrimination, harassment and retaliation ("Final Policies") and their complaint policies and procedures in consultation with the Monitor as described below.

2.    Defendants' Final Policies shall:

(a)    include a clear explanation of prohibited conduct in violation of Title VII, including on the basis of sex, including examples;

(b)    include a complete copy of Defendants' final internal Complaint Procedures described below in Section IX(F);

(c)    clarify what steps management must take if they witness and/or become aware of complaints of discrimination, harassment, or retaliation; and

(d)    apply to all workers, whether direct employees or temporary workers placed to work with Defendants by an outside entity (see Section IX(M), below).

3.    The Final Policies shall also include assurances that Defendants:

(a)    will hold all employees, including management, supervisory, lead and human resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree; and,

(b)    will hold all management, supervisory, lead and human resources employees accountable for failing to take appropriate action to address discrimination, harassment, or retaliation and clearly state that management's failure to adhere to the reporting steps will be subject to discipline.

(c)    have a zero-tolerance policy with respect to discrimination, harassment, and retaliation.

**F.      Complaint Procedure**

1.      Within thirty (30) calendar days after the Effective Date, Defendants, in consultation with the Monitor, shall draft, or review and if necessary revise their Complaint Procedures as described below.

2.      Defendants' Complaint Procedures shall clearly state that:

(a)      employees who believe that they have suffered discrimination, harassment or retaliation may file an internal complaint using Defendants' internal complaint procedure, and/or may file an external complaint to any appropriate person or agency, or both and provide the contact information for the EEOC and state and local Fair Employment Practices (FEP) agencies;

(b)      employees may initiate an internal complaint verbally or in writing to any lead, supervisor, manager or Human Resources personnel, and no special form is required;

(c)      Defendants shall not tolerate retaliation against any employee for use of the internal complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the making of a complaint; and

(d)      if an allegation of discrimination, harassment or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

3.      The Complaint Procedure shall lay out Defendants' responsibilities, including that Defendants will:

(a)      maintain the confidentiality of the complaint, complainant, and investigation to the fullest extent possible;

(b)      take every reasonable step to promptly resolve complaints;

(c)      promptly commence a thorough investigation that shall be conducted by a person qualified to conduct such investigations;

(d)　　interview all relevant witnesses, including the complainant, and review all relevant documents;

(e)　　communicate with the complainant (preferably in writing) regarding the status of the complaint, investigation, results of the investigation and any remedial action taken; and

(f)　　track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken.

4.　　Defendants' Complaint Procedures shall also provide an appeal procedure to an appropriate representative and, for Defendant Fresh Venture Foods, LLC only, the Monitor, should the complainant be dissatisfied with the results of an internal investigation. Where appealed to the Monitor, the Monitor will review the internal investigation and/or may reopen the investigation.

5.　　The Complaint Procedures shall be provided in English, Spanish, and any other language commonly spoken by its workforce.

6.　　Defendants' Complaint Procedures shall NOT require that the complainant:

(a)　　confront his or her harasser;

(b)　　file an internal complaint in lieu of making a complaint to the EEOC or CRD;

(c)　　initiate the complaint process only by submitting a written complaint; or

(d)　　initiate the complaint process only by communicating in English.

7.　　During the term of this Decree Defendants shall confidentially follow-up with every complainant at appropriate intervals to inquire whether the complainant believes that he or she has been further discriminated, harassed,

and/or retaliated against, and, if so, Defendants shall investigate any further allegations of discrimination, harassment, and/or retaliation. Defendants shall work with the Monitor to determine the appropriate intervals for any such follow-up.

8.    Defendants' Human Resources shall have an open-door policy and shall be easily accessible to the employees.  Human Resources representatives shall be available to receive complaints from the employees during normal business working hours (including weekends and night shifts) with or without appointments.

9.    The Monitor shall ensure that Defendants publicize any revised internal complaint procedures.

10.    Defendant Fresh Venture Foods, LLC shall provide its toll-free complaint hotline ("Hotline") and online complaint process (described in § IX(H), *infra*).  Defendant Fresh Venture Foods, LLC shall also publicize the EEOC's general toll-free number: (800) 669-4000.

11.    The Monitor shall track all complaints filed with Defendant Fresh Venture Foods, LLC under any revised internal complaint procedures and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints made through the Hotline.  The Monitor shall monitor Defendant Fresh Venture Foods, LLC's investigation and resolution of any complaints made.

**G.    Finalizing and Distribution of Final Policies and Complaint Procedures**

1.    Within ninety (90) calendar days after the selection of the Monitor, Defendants shall provide the Commission with a copy of the above-described Final Policies including any revised internal Complaint Procedures described above in Section IX(F).

2.    Upon receipt, the EEOC shall have thirty (30) calendar days to

review and/or comment on the revised Final Policies.

3.      If the EEOC does not provide comment within thirty (30) calendar days of receiving the revised Final Policy, Defendants shall, on an annual basis during the term of this Decree, distribute their Final Policies, including the revised internal Complaint Procedures described above in Section IX(F), to all employees, including management, supervisory, lead and human resources employees.  Defendants shall have each employee who receives a copy of their Final Policies sign a form acknowledging receipt.

4.      Throughout the term of this Decree, Defendants shall post the Final Policies, including the revised internal Complaint Procedures described above in Section IX(F), in a clearly visible location frequented by employees and in the languages commonly understood by Defendants' workforce.

5.      Defendants agree to submit to the EEOC any revisions made during the term of this Decree to their Policies and Procedures concerning discrimination, harassment, and/or retaliation at least fifteen (15) calendar days prior to the proposed change.  If the EEOC does not provide comment within thirty (30) calendar days of receiving proposed revisions to these Policies and Procedures, Defendants will institute said revised Policies and Procedures.

**H.      Hotline and Online Complaint Process**

Defendant Fresh Venture Foods, LLC shall establish a toll-free number ("Hotline") and online complaint process to offer employees and staffing agency workers the option of making anonymous complaints, including those of discrimination, harassment, and/or related retaliation.  The Hotline and online complaint process shall operate seven (7) days per week, twenty-four (24) hours per day, and be made available in the language(s) commonly used by workers. The EEO Monitor shall ensure that all Hotline and online inquiries and response times are tracked and logged by Defendant Fresh Venture Foods, LLC in accordance with the Complaint Log described in Section IX(I).  The Monitor shall

have access to all tracking records, data analytics, or call logs.

Annually during the duration of this Decree, Defendant Fresh Venture Foods, LLC shall communicate the Hotline and online complaint process information to all employees and staffing agency workers to encourage reporting of complaints of discrimination, harassment, and/or retaliation.  Defendant Fresh Venture Foods, LLC shall inform all employees and staffing agency workers that a complaint can be lodged at any time with the Hotline or via the online complaint process.  Defendant Fresh Venture Foods, LLC shall notify new employees, including temporary employees, of the Hotline and online complaint process no later than within five (5) calendar days of hire.

**I.      Complaint Log**

Within forty-five (45) calendar days of the Effective Date, Defendant Fresh Venture Foods, LLC shall establish a Complaint Log, in consultation with the Monitor, for centralized tracking of all complaints regarding discrimination, harassment or retaliation and the monitoring of such complaints to prevent retaliation. The Complaint Log will include every complaint received by Defendant Fresh Venture Foods, LLC during the term of this Decree whether internal, external, verbally, in writing, to the Hotline, or to the online portal.  This system shall be searchable by name of complainant, alleged perpetrator, client, and by location(s) of alleged misconduct, and shall contain, for each complaint or investigation of sexual discrimination, harassment, or retaliation, at least the following information:

(a)      name(s), job title(s), date(s) of employment, and job status (temporary or permanent) of the complainant(s) and any other potential aggrieved individual(s);

(b)      name(s), job title(s), date(s) of employment, and job status (temporary or permanent) of the alleged perpetrator(s);

(c)      date(s), location(s) (including department), and nature of the

complaint;

(d)    a summary of the allegations;

(e)    a description of how Defendant Fresh Venture Foods, LLC learned of the complaint, including whether the complaint was first directed to a Staffing Agency or Defendant Fresh Venture Foods LLC, whether the complaint was first made to a manager, human resources employee, or via the Hotline, and the date the complaint was reported to Defendant Fresh Venture Foods, LLC's Human Resources department;

(f)    date complaint was made and, if applicable, the date a Staffing Agency provided notice of the complaint to Defendant Fresh Venture Foods, LLC;

(g)    a timeline and description of actions taken in response to the complaint, including the investigation of the complaint and final determination of the investigation;

(h)    corrective action taken, if any;

(i)    whether the alleged perpetrator has been accused of or disciplined for harassing behavior before; and

(j)    name(s), job title(s), and employer of each individual involved in receiving the complaint(s), the ensuing investigation(s), and/or the final determination(s).

**J.    Training**

1.    Non-Management Training. Defendants' non-management employees shall be required to attend an interactive training program of at least one hour regarding discrimination, harassment, and retaliation (the "Non-Management Training").  The Non-Management Training under this section shall include review of federal employment anti-discrimination laws; employees' rights and responsibilities under Title VII and this decree; and Defendants' Final Policies and procedures for reporting and handling complaints of harassment,

24

discrimination, and retaliation.  The training shall provide examples of the prohibited conduct to ensure understanding by the employees. All training shall be designed to effectively teach adult learners, and will be conducted by a third-party vendor approved by the Monitor. The interactive Non-Management Training shall be mandatory and shall occur once every year for the term of this Decree.

The first Non-Management Training shall occur within  fifteen (15) calendar days after the Monitor's approval of the training curriculum, as described in Section IX(J)(11) below, or after sixty (60) calendar days from the Effective Date, whichever is later.  Any employee who fails to attend any scheduled interactive Non-Management training shall be trained within thirty (30) calendar days of the scheduled live training set forth above or thirty (30) calendar days of their start date if they begin their employment after the training has occurred for that year.

2.    Management Training.  Defendants' managerial, supervisory, and lead employees shall be required to attend an interactive training of at least two hours approved by the Monitor at the time of hire and once per year for the term of this Decree (the "Management Training").  The Management Training under this section shall include review of federal employment anti-discrimination laws; employees' rights and responsibilities under Title VII and this decree; and Defendants' Final Policies and procedures for reporting and handling complaints of harassment, discrimination, and retaliation.  The Management Training shall also include training on how to properly handle and investigate complaints of discrimination, harassment, and retaliation in a fair and neutral manner; how to take preventive and corrective measures against discrimination, harassment, and retaliation; how to recognize and stop discrimination, harassment, and retaliation; and effective responses and/or investigations. The Management Training shall include role playing on how to handle scenarios and emphasize accountability of

management. All Management Training shall be designed to effectively teach adult learners, and will be approved by the Monitor.

The first Management Training shall occur within fifteen (15)  calendar days after the Monitor's approval of the training curriculum, as described in Section IX(J)(11) below, or after sixty (60) calendar days from the Effective Date, whichever is later.  Any employee who fails to attend any scheduled training shall be trained within (30) calendar days of the training set forth above or thirty (30) calendar days of their promotion/hire date if they begin their employment as a supervisor after the training has occurred for that year.

3.      HR Training.  All Human Resources employees shall be required to attend a live, interactive training of at least three hours approved by the Monitor once every year for the term of this Decree (the "HR Training").  The HR Training under this section shall include review of federal employment anti-discrimination laws; employees' rights and responsibilities under Title VII and this decree; and Defendants' Final Policies and procedures for reporting and handling complaints of harassment, discrimination, and retaliation.  The HR Training shall also include how to investigate complaints of discrimination, harassment and retaliation; how to take preventative and corrective measures against discrimination, harassment and retaliation; and how to recognize and stop discrimination, harassment and retaliation; and focus on effective responses and/or investigations and include role playing on how to handle scenarios and emphasize accountability of management and human resource personnel. The first HR Training shall occur within fifteen (15) calendar days after the Monitor's approval of the training curriculum, as described in Section IX(J)(11) below, or after sixty (60) calendar days from the Effective Date, whichever is later.  Any employee who fails to attend any scheduled training shall be trained within (30) calendar days of the training set forth above or thirty (30) calendar days of their promotion/hire date if they begin their employment in HR after the

training has occurred for that year.

4.      Defendants' Presidents, CEOs, Managers or other high-ranking executives shall participate at the Management Training to demonstrate that Defendants take the trainings seriously.

5.      Within thirty (30) calendar days of the date of hire, for the remainder of the term of this Decree, every new employee of Defendants, including non-managerial, managerial, supervisory, lead, and human resources employees, shall receive the appropriate trainings described above.

6.      Within thirty (30) calendar days of the date of promotion, for the remainder of the term of this Decree, every employee of Defendants promoted from a staff position to a managerial, supervisory lead or human resources position shall receive the above-described Management and/or HR Training.

7.      Any employee of Defendants required to attend any training under this Decree shall verify in writing his or her attendance at each training.

8.      Within ninety (90) calendar days after the Effective Date, Defendants shall submit to the EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees.

9.      Upon receipt, the EEOC may provide comment within thirty (30) calendar days regarding any necessary revisions to the training.

10.     Defendant shall give the EEOC a minimum of twenty (20) calendar days advanced written notice of the date, time and location of each training provided pursuant to this Decree.  An EEOC representative may attend any such training, at the sole discretion of the EEOC.

**K.      Performance Evaluations for EEO Compliance**

1.      For any upcoming review cycle, Defendant Fresh Venture Foods, LLC shall revise any performance evaluation forms for managers, supervisors, leads, and human resource personnel to include a measure for performance on compliance with Defendant Fresh Venture Foods, LLC's

discrimination, harassment and retaliation policy and procedures.  If a supervisor or manager receives notice of behavior that violates Defendant Fresh Venture Foods, LLC's harassment prevention or prohibition on retaliation policy, and takes no action to end it or report it, that failure will be a consideration in the evaluation. Defendant Fresh Venture Foods, LLC shall also subject the manager or supervisor to appropriate corrective action.

2.　At least thirty (30) calendar days prior to implementing any revised performance evaluation forms described above, Defendant Fresh Venture Foods, LLC shall provide the EEOC with the proposed revisions in order to provide the Commission with an opportunity for comment.

3.　Defendant Fresh Venture Foods, LLC shall report to the EEOC in the annual report as set forth below if it held supervisors/managers accountable for not reporting complaints of discrimination, harassment and/or retaliation and if it rewarded those supervisors/managers who reported such conduct in accordance with its procedures.

L.　**Relationship with Staffing Agencies**

Defendant Fresh Venture Foods, LLC will provide its policies and procedures compliant with Sections IX(E)-(F) of this Decree to all employees placed by any outside entity it uses for staffing needs ("Staffing Agencies") no more than five (5) calendar days after their initial assignment.  In accordance with Section IX(E)-(F), Defendant Fresh Venture Foods, LLC's policies and procedures shall state that: (i) workers placed to work with Defendant by staffing agencies can complain to Defendant regarding alleged discrimination, harassment and/or retaliation by Defendant's employees; and (ii) complaints of discrimination, harassment and/or retaliation will not negatively impact a Staffing Agencies worker's opportunity to be considered and/or hired for another assignment.  Defendant Fresh Venture Foods, LLC will work with the EEO Monitor to develop and/or evaluate protocols to ensure that there are proper

28

mechanisms for handling complaints raised by workers placed to work with Defendant Fresh Venture Foods, LLC by Staffing Agencies and to ensure that Staffing Agencies are informed of complaints of discrimination, harassment and/or retaliation when raised by workers placed to work with Defendant Fresh Venture Foods, LLC.  Workers from staffing agencies shall be informed upon placement that they can report allegations of discrimination, harassment, and/or retaliation through the online complaint process and/or the Hotline.

Defendant Fresh Venture Foods, LLC agrees to require Staffing Agencies to provide Defendants, semiannually during the duration of this Decree, with a statement attesting that employees placed to work with Defendant are timely receiving notice of Defendant's policies and procedures as described in Sections IX(E)-(F).  Copies of the Staffing Agencies' attestations will be provided to the EEO Monitor who, in turn, shall report on Defendant Fresh Venture Foods, LLC's compliance with this obligation in its semi-annual reports.

## X.	RECORD-KEEPING

Defendants shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints to prevent retaliation.  The records to be maintained shall include:

A.	all documents generated in connection with any complaint, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendant Fresh Venture Foods, LLC's investigation;

B.	all forms acknowledging employees' receipt of Defendants' revised anti-discrimination, anti-harassment, and anti-retaliation policies and complaint procedures; and

C.	all documents verifying the occurrence of all of Defendants' training sessions and names and positions of all attendees for each session as required

29

under this Decree;

D.    all documents generated in connection with the monitoring, counseling, and disciplining of employees whom Defendant Fresh Venture Foods, LLC determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory;

E.    all documents generated in connection with Defendant Fresh Venture Foods, LLC's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against;

F.    all documents generated in connection with the establishment or review of performance evaluation measures for leads, supervisors, and managers; and regarding whether Defendant Fresh Venture Foods, LLC held leads, supervisors, or managers accountable for not reporting complaints of discrimination, harassment and/or retaliation, and/or rewarded those leads, supervisors, or managers who reported such conduct in accordance with its reporting process; and

G.    all records otherwise required to be maintained by law.

Defendants shall make the aforementioned records available to the EEOC within ten (10) calendar days following a written request by the EEOC.

## XI.    REPORTING

In addition to the notice and reporting requirements above, Defendants shall provide the following reports to the EEOC in writing by mail or e-mail:

A.    Within one hundred and twenty (120) calendar days after the Effective Date, Defendants shall submit to the EEOC an initial report containing:

1.    copies of Defendants' Final Policies on anti-discrimination, anti-harassment, and anti-retaliation, including the final complaint procedures;

2.    a statement confirming Defendants have completed all training;

3.    a summary of Defendant Fresh Venture Foods, LLC's

30

procedures and record-keeping methods developed with the Monitor for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

4.    a copy of all prior sexual harassment and retaliation complaints made to Defendant Fresh Venture Foods, LLC in the previous 300 days, investigated or resolved, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendant Fresh Venture Foods, LLC's employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation;

5.    a statement confirming that the review of the prior complaints of sexual harassment and/or retaliation as identified in Section IX(C)(9) has been completed and a summary of any changes to Defendant Fresh Venture Foods, LLC's policy and/or procedures to address issues, if any that were identified through the review; and

7.    a statement confirming that Defendants have posted the required notices pertaining to this Decree and the Final Policies regarding anti-discrimination, anti-harassment and anti-retaliation;

8.    a statement confirming that Defendant Fresh Venture Foods, LLC has complied with Section VIII, "Claimant Specific Injunctive Relief."

B.    Defendants' ongoing reporting duties.

1.    Defendants must report to the EEOC any planned changes to their Final Policies and Procedures at least fifteen (15) calendar days prior to implementing such changes.  If the EEOC does not provide comment within thirty (30) calendar days of receiving proposed revisions to these Policies and Procedures, Defendants will institute said revised Policies and Procedures.

2.      Defendant Fresh Venture Foods, LLC shall report to the EEOC detailing any planned changes to its record-keeping methods for complaints at least thirty (30) calendar days prior to implementing such changes.

3.      Defendant Fresh Venture Foods, LLC shall provide to the Monitor a complete employee list, including start date and job title within one year after the effective date and annually thereafter;

C.      The Monitor shall provide the EEOC the following reports one year after the Monitor is retained and semi-annually thereafter throughout the term of this Decree:

1.      a statement about Defendants' policies and procedures, and the Monitor's assessment of whether they fully comply with Title VII and all requirements of the Decree;

2.      a statement about Defendants' compliance with the training requirements of the Decree, and the Monitor's assessment of the effectiveness of Defendants' trainings;

3.      an assessment of Defendant Fresh Venture Foods, LLC's centralized tracking system for complaints of discrimination, harassment and retaliation;

4.      a description of all discrimination, harassment and retaliation complaints made to Defendant Fresh Venture Foods, LLC in the previous six months, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; whether Fresh Venture Foods, LLC identified when it has received more than one complaint alleging a particular employee perpetrated discrimination, harassment or retaliation, and accounted for that in its investigation; the dates of the alleged harassment or retaliation; a brief summary of how Defendant Fresh Venture Foods, LLC investigated and resolved each complaint; the identity of each of Defendant Fresh Venture Foods, LLC's employee(s) who investigated or resolved

32

each complaint, and the identity and most recent contact information for each witness identified by the complainant and/or investigation; and whether Defendant Fresh Venture Foods, LLC communicated with complainants as required under the Decree.

5.      an assessment of whether Defendant Fresh Venture Foods, LLC's investigations of complaints are effective;

6.      a report on the results of the audits and the actual audits specifically outlining which locations were visited, what was observed, who was interviewed, and what course of action, if any, was taken.

7.      a report on whether Defendants' performance and discipline policies hold employees and managers accountable for failing to take appropriate action in response to complaints of discrimination, harassment or retaliation;

8.      a report on whether Claimants and/or witnesses who participated in this lawsuit and who continue to be employed by Defendant Fresh Venture Foods, LLC have been subjected to any retaliation, discrimination or harassment;

9.      a report on whether Defendants' human resources have an open-door policy and are easily accessible to employees.

**XII.   COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE**

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Decree.

**XIII. COSTS AND ATTORNEYS' FEES**

Each Party shall bear its own costs of suit and attorneys' fees.

**XIV. MODIFICATION AND SEVERABILITY**

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in

33

writing and signed by an authorized representative of each Party.

B.    If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes.  If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree.  Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

**XV.   MISCELLANEOUS PROVISIONS**

A.    During the term of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) calendar days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant Fresh Venture Foods, LLC's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.    During the term of this Decree, Defendants and their successors shall ensure that each of its directors, officers, human resource personnel, managers, supervisors, and leads is aware of any term(s) of this Decree which may be related to his/her job duties.

C.    Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D.    The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

E.    The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If

the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS). Fresh Venture Foods, LLC's EIN is: 45-508-2363. Gold Coast Packing, Inc.'s EIN is: 95-333-0214. Babé Farms, Inc.'s EIN is: 77-010-6126. The individual to whom the EEOC should mail a copy of form 1098-F, if the EEOC is required to issue one, is:

> Fresh Venture Foods, LLC: Gary Burk/Jeff Lundberg, 901 S. Blosser Rd., Santa Maria, CA 93458

> Gold Coast Packing, Inc.: Joanne Frick, P.O. Box 1023, Santa Maria, CA 93456

> Babé Farms, Inc.: Carrie Jordan, P.O. Box 6539, Santa Maria, CA 93456

## XVI.  COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof. All Parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: November 24, 2025     By: */a/ Anna Y. Park*

Anna Y. Park, Regional Attorney
Attorney for Plaintiff EEOC

FRESH VENTURE FOODS, LLC

Dated: November 24, 2025     By: */s/ Rafael Gonzalez*

Rafael Gonzalez
MULLEN & HENZELL LLP
Attorney for Defendant

35

Fresh Venture Foods, LLC

Dated: November 24, 2025         By:  */s/ Gary Burk*

Gary Burk
Representative for Defendant
Fresh Venture Foods, LLC

GOLD COAST PACKING, INC.

Dated: November 24, 2025         By:  */s/ Tracey A. Kennedy*

Tracey A. Kennedy
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Attorney for Defendant
Gold Coast Packing, Inc.

Dated: November 24, 2025         By:  */s/ Ron Burk*

Ron Burk
Representative for Defendant
Gold Coast Packing, Inc.

BABÉ FARMS, INC.

Dated: November 24, 2025         By:  */s/ Krista Cabrera*

Krista Cabrera
FOLEY & LARDNER LLP
Attorney for Defendant
Babé Farms, Inc.

Dated: November 24, 2025         By:  */s/ Jeff Lundberg*

Jeff Lundberg
Representative for Defendant
Babé Farms, Inc.

36

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
(213) 894-1000
TTY (213) 894-1121
FAX (213) 894-1118

## NOTICE OF SETTLEMENT AND CONSENT DECREE

TO:         ALL EMPLOYEES

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Central District of California against Fresh Venture Foods, LLC, Case Number 2:21-CV-07679-CBM-DFMx. EEOC filed this lawsuit alleging that employees were subjected to sexually hostile work environment, constructive discharge, and/ or subjected to retaliation. Fresh Venture Foods, LLC settled the case by entering into a "Consent Decree" with EEOC and paying $900,000 in monetary relief to victims identified by the EEOC. In the Consent Decree, Fresh Venture Foods, LLC agrees to various types of injunctive remedies including ensuring that policies and procedures against sexual harassment conform to Title VII; hiring an outside monitor to oversee compliance with Title VII; training employees regarding sexual harassment; creating a centralized system of tracking complaints; and providing EEOC with periodic reporting regarding the injunctive remedies.

Under the Consent Decree, employees are being given notice that any violations of Fresh Venture Foods, LLC's policies against harassment and discrimination will be thoroughly investigated. Individuals found to have violated that policy will be subject to discipline up to and including termination of employment. All employees will undergo training to correct and prevent unlawful harassment and discrimination towards employees.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment. Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

Fresh Venture Foods, LLC is committed to complying with federal anti-discrimination laws in all respects. Sex harassment or discrimination will not be tolerated. Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

If you believe that you have been sexually harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, you may follow Fresh Venture Foods, LLC's procedures and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012-3332
TELEPHONE NUMBER: (213) 785-3090

## Exhibit A to Consent Decree

# EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
(213) 894-1000
TTY   (213) 894-1121
FAX   (213) 894-1118

## EXHIBIT B

In consideration of the monetary relief in the amount of ▆▆ dollars ($▆▆) to be paid to me by or on behalf of Fresh Venture Foods, LLC ("Fresh Venture") in connection with the resolution of *U.S. Equal Employment Opportunity Commission v. Fresh Venture Foods, LLC*, Case No. 2:21-cv-07679-CBM-DFMx ("the EEOC Action"), I hereby release, discharge, and waive my right to recover for any and all claims of sex discrimination, hostile work environment or other sexual harassment, and/or retaliation under Title VII of the Civil Rights Act of 1964, and claims arising out of the same operative facts  from my employment with Fresh Venture, that were asserted or could have been asserted in the EEOC Action and/or in EEOC Charge No. 480-2024-03092.  (The "Released Claims").

I understand that the parties being released include the following entities: Fresh Venture Foods, LLC, Gold Coast Packing, Inc., and Babé Farms, Inc. ("Defendants"), and Defendants' current and former parents and subsidiaries,  and agents.  ("Released Parties").  I acknowledge that I am responsible for taxes related to my allocation.

IN WITNESS WHEREOF, the RELEASOR has executed on this __ day of _____, 2025.

_____
[ELIGIBLE CLAIMANT]

Exhibit B to Consent Decree

## ORDER

The provisions of the foregoing Consent Decree are fair, reasonable, and adequate.  The Consent Decree is hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination.

**IT IS SO ORDERED.**


Date: February 2, 2026

_____
Honorable Consuelo B. Marshall
United States District Judge